

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H.G. Towle, Opt. D.
State Board of Examiners in Optometry
Austin, Texas

Dear Mr. Towle:

Opinion No. 0-993
Re: Power of the State Board of Examiners
in Optometry to reject applicants for
examination on the ground of misrepre-
sentations made to the Board.

We are in receipt of your letter of June
14th, requesting an opinion of this department, re-
garding the authority of the State Board of Examin-
ers of Optometry to refuse an applicant for examina-
tion on the ground of said applicant having hereto-
fore misrepresented facts to the Board, and in other
respects failing to meet the statutory requirements
of an applicant.

We refer you to article 4559 of the Revis-
ed Civil Statutes of Texas, 1925, which reads as
follows:

"Each applicant shall be given due
notice of the date and place of examina-
tion. All examinations shall be conducted
in writing and by such other means as the
board shall determine adequate to ascer-
tain the qualifications of applicants, and
in such manner as shall be entirely fair
and impartial to all individuals and every
recognized school of optometry. All ap-
plicants examined at the same time shall
be given identical questions. The board
may refuse to admit persons to its examin-
ation or to issue licenses for any of the
following reasons:

Hon. H.G. Towle, Page 2

"1. The presentation to the board of any untrue statement or any document or testimony which was illegally or fraudulently obtained, or when fraud or deceit has been practiced in passing the examination.

"2. Conviction of a felony, or of a misdemeanor which involves moral turpitude.

"3. Other grossly unprofessional or dishonorable conduct of a character likely to deceive or defraud the public, or for habits of intemperance or drug addiction. Any applicant who may be refused an examination or a license, after legal notice and a full and impartial hearing, shall have his right of action to have such issue tried in the district court of any county in which one of the members of the board shall reside."

As we interpret this statute, the board may by fair and reasonable exercise of discretion, make findings regarding the qualifications of the applicant. It is stated in your inquiry that the board has found the applicant has heretofore misrepresented facts regarding his prior experience and training. The board has further found from its observation of the applicant, that by reason of said untrue statements and other conduct, he has been guilty of grossly unprofessional or dishonest conduct of a character likely to deceive or defraud the public.

The findings of your board are presumptively correct according to the principle obtaining in respect to administrative boards generally.

See Shupee v. Railroad Commission 123 Tex. 521, 73 S.W. (2d) 505.

It is our opinion, therefore, that your board may refuse to admit a person to its examination or to issue a license to such person in the face of

Hon. H.C. Towle, Page 3

findings on the part of the board as to previous un-
true statements and unprofessional or dishonorable
conduct of a character likely to deceive or defraud
the public.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Hugh Q. Buck*

Hugh Q. Buck
Assistant

HQB:omb

APPROVED JUN 22, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN